**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Plaintiff
Meta Platforms, Inc. (f/k/a Facebook, Inc.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILIKEAD MEDIA INTERNATIONAL COMPANY LTD., HUANG TAO, and CHEN RAN CONG,<br>    aka "Chen Xiao Cong,"<br>    aka "Han Xiao Cong,"<br>    aka "Ran Mao Ping,"<br><br>Defendants. | CASE NO.: 3:19-CV-07971-SK<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>FAC Filed: June 5, 2020<br>Complaint Filed: December 5, 2019 |

On December 13, 2021, the Court ordered Plaintiff Meta Platforms, Inc. (f/k/a Facebook, Inc.) to submit its support for attorneys' fees and costs. ECF No. 45. Plaintiff hereby submits this memorandum and the accompanying Declaration of Ann Marie Mortimer in support of its request for attorneys' fees and costs.

## I. INTRODUCTION

If the Court grants Plaintiff's pending motion for default judgment (ECF No. 38), Plaintiff should be permitted to recover its reasonable attorneys' fees pursuant to California Penal Code § 502. As detailed below, Plaintiff's attorneys charged reasonable rates that are comparable to the typical rates charged by attorneys of similar skill, experience, and reputation in the community. The number of hours spent on this litigation was also reasonable, particularly given the numerous service of process issues presented by Defendants, who reside in the People's Republic of China.

The Court should therefore award Plaintiff its attorneys' fees in the amount of $295,221, as well as its costs in the amount of $15,977.76.

## II. PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS' FEES

### A. An Award of Attorneys' Fees Is Appropriate

The Court should award Plaintiff its attorneys' fees pursuant to Section 502(e)(2) of the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"). In an action involving California state law claims, California federal district courts apply "the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1017 (N.D. Cal. 2010) (quoting *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999)). Here, California law applies because there is no conflict with a valid federal statute or procedural rule. In turn, under California law, Plaintiff should be awarded its reasonable attorneys' fees under Section 502(e) of the CDAFA. *See, e.g., Facebook, Inc. v. Power Ventures*, 2017 WL 3394754, at *6-7 (N.D. Cal. Aug. 8,

2017) (awarding Facebook fees under California Penal Code § 502(e)(2)); *Facebook, Inc. v. Sluchevsky*, 2020 WL 5823277, at *11 (N.D. Cal. Aug. 28, 2020), *report and recommendation adopted*, 2020 WL 5816578 (N.D. Cal. Sept. 30, 2020) (same).

Plaintiff's remaining claims involve the same facts and issues as the CDAFA claim.  Because the fees and costs incurred to prosecute the CDAFA claim are inextricably intertwined with those incurred to prosecute the remaining claims, Plaintiff should be awarded all of its reasonable attorneys' fees expended in this litigation.  *See Sluchevsky*, 2020 WL 5823277, at *11 (recommending recovery under Section 502 for all hours attorneys spent litigating matter involving multiple other causes of action).

B.      **Plaintiff Seeks Reasonable Attorneys' Fees**

Plaintiff seeks a reasonable award of $295,221 for the $430,000 incurred in attorneys' fees.[1]  Declaration of Ann Marie Mortimer ("Mortimer Decl.") ¶¶ 3, 5.[2]  In determining the reasonableness of Plaintiff's attorneys' fees, courts employ the

---

[1] Plaintiff's attorney fees were paid on a fixed fee basis.  To date, Plaintiff has incurred $430,000 in attorney fees.  Mortimer Decl. ¶ 3.  However, Plaintiff seeks to recover its reasonable attorney fees under lodestar.  *See Helmer v. Brandano*, 875 F.2d 318 (9th Cir. 1989) (affirming lodestar award for attorneys' fees where plaintiff had an agreement to pay his attorney a flat rate).  Specifically, Plaintiff seeks only its reasonable attorney fees related to: (1) the initial strategy and investigation (including but not limited to the drafting of the complaint and three separate attempts to serve Defendants via the Hague Convention); (2) the motion for alternative service; and (3) the pending motion for default judgment.

[2] In accordance with N.D. Cal. Local Rule 54-5(b), the appended declaration: (1) contains a statement of counsel that counsel made a good faith effort to meet and confer to resolve any disputes with respect to the instant memorandum; (2) contains a statement of the services rendered by each person for whose services are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained; and (3) contains a brief description of the relevant qualifications and experience and a statement of the customary hourly charges for each person or of comparable prevailing hourly rates or other indication of value of services.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
ITS REQUEST FOR ATTORNEYS' FEES AND COSTS

lodestar method. *Sluchevsky*, 2020 WL 5823277, at *10. "[T]he lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on litigation (as supported by adequate documentation) by the reasonable hourly rate for the region and for the experience of the lawyer." *Id.* (citations omitted). Moreover, under California law, "[i]t is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method. Declarations of counsel setting forth the reasonable hourly rate, the number of hours worked and the tasks performed are sufficient." *Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.*, 36 Cal. App. 5th 970, 994 (2019) (quotations and citations omitted).

First, the number of hours expended on litigation was reasonable. "Only in rare or exceptional cases will an attorney's reasonable expenditure of time on a case not be commensurate with the fees to which he is entitled." *Sluchevsky*, 2020 WL 5823277, at * 10 (quoting *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988)). Here, Plaintiff seeks fees for 430.6 hours of work, which is commensurate with the prosecution of this litigation. Mortimer Decl. ¶ 5.

In particular, Plaintiff seeks to recover reasonable attorneys' fees based on the work of Ann Marie Mortimer (partner), Jason J. Kim (counsel), Jeff R. R. Nelson (senior associate), Brandon M. Marvisi (associate), and Navneet Binning (associate) to: (1) conduct the initial strategy and investigation, including time spent researching and investigating Defendants and their conduct, researching caselaw and California statutes in connection with drafting the complaint, attempting to serve Defendants on three separate occasions via the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Convention"), and attempting to communicate numerous times with Defendants in an attempt to obtain a waiver of service; (2) prepare and file a motion for alternative service; and (3) prepare and file a motion for

default judgment and papers in support of its request for fees.  Mortimer Decl. ¶ 6.

Ms. Mortimer, who has approximately 29 years of litigation experience and has served as lead counsel in multiple complex litigation matters in the cybersecurity and privacy space, spent a total of 22.7 hours with a standard rate of $1,085 per hour in 2021.  Mortimer Decl. ¶ 8.  Mr. Kim, who has approximately 19 years of litigation experience, including multiple highly publicized cybersecurity, computer fraud, privacy, and data breach actions, spent a total of 14 hours with a standard rate of $725 per hour in 2019, 9.2 hours with a standard rate of $745 per hour in 2020, and 48.6 hours with a standard rate of $780 per hour in 2021.  *Id.* ¶ 9.  Mr. Nelson, who has approximately 7 years of litigation experience, including cybersecurity, privacy, and computer fraud actions, spent a total of 14.8 hours with a standard rate of $610 per hour in 2019, 74.2 hours with a standard rate of $675 per hour in 2020, and 131.3 hours with a standard rate of $725 per hour in 2021.  *Id.* ¶ 10.  Mr. Marvisi, who was a second-year associate during the time he performed work in this action, spent a total of 92.3 hours with a standard rate of $530 per hour in 2021.  *Id.* ¶ 11.  Ms. Binning, who was also a second-year associate during the time she performed work in this action, spent a total of 23.5 hours with a standard rate of $530 an hour in 2021.  *Id.* ¶ 12.

The foregoing tasks and hours, which were tracked electronically on a daily basis, were reasonable.  Among other things, the numerous service of process hurdles presented by Defendants residing in China required counsel to attempt to locate Defendants' whereabouts, communicate with vendors to attempt to serve Defendants on three separate occasions, and draft and argue a motion for alternative service.  And, given Defendants' failure to appear, counsel was required to move for default judgment and prove up damages.

Second, Plaintiff's counsel's rates were reasonable.  The determination of a reasonable hourly rate "involves examining the prevailing market rates in the

community charged for similar services by lawyers of comparable skill, experience, and reputation." *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154, 1167 (N.D. Cal. 2012). An attorney declaration and rate determinations in other cases can serve as "satisfactory evidence of the prevailing market rate." *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1009, 156 Cal. Rptr. 3d 26, 54 (2013); *HRC-Hainan Holding Co., LLC v. Yihan Hu*, 2020 WL 1643786, at *4 (N.D. Cal. Apr. 2, 2020); *see also G.R. v. Intelligator*, 185 Cal.App.4th 606, 620 (2010) (court may "accept the declaration of [defendant's] attorney as sufficient proof of the attorney's hourly rate, the time spent, and the reasonableness of the time spent"). Moreover, the "court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate." *Nishiki v. Danko Meredith, APC*, 25 Cal. App. 5th 883, 898 (2018).

Here, Plaintiff's counsel's declaration establishes that Plaintiff's counsel's rates reflect the customary hourly charges for litigators with similar experience in the Bay Area. Mortimer Decl. ¶ 8. Indeed, Plaintiff's counsel's rates are in accord with those deemed reasonable by courts in this very District in connection with attorneys with similar skills and experience. *Max Sound Corp. v. Google, Inc.*, 2017 WL 4536342, at *12 (N.D. Cal. Oct. 11, 2017) (holding rates up to $950 per hour were "in line with the billing rates for attorneys with similar qualifications" in 2017); *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *9 (N.D. Cal. June 5, 2017) (finding rates between $870 and $1,200 per hour for senior attorneys "fair and reasonable" in 2017); *In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) (awarding, for the years 2011 through 2015, partner rates up to $975 per hour and non-partner attorney rates up to $800 per hour); *Wynn v. Chanos*, 2015 WL 3832561, at *2 (N.D. Cal. June 19, 2015) (finding a rate of $1,085 per hour for a partner and $710 per hour for associates reasonable in 2015).

Additionally, according to the 2020 Partner Compensation Survey, published by Major, Lindsey & Africa ("MLA"), the 2020 average hourly rate for a partner at an

Am Law 200 firm in Silicon Valley was $1,051.[3]  Mortimer Decl., Ex. 1.  This further evidences that Plaintiff's counsel's standard rates are in line with its peers.

Accordingly, Plaintiff's request for $295,221 in attorneys' fees is reasonable and the Court should award the full amount requested.  As noted, Plaintiff's request is in line with the range of fees that courts in this District have awarded in similar actions at the default judgment stage.  *See*, *e.g.*, *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 2021 WL 5707741, at *9 (N.D. Cal. Oct. 21, 2021), *report and recommendation adopted sub nom. Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 2021 WL 5707740 (N.D. Cal. Nov. 16, 2021) (recommending award of $273,983.29 in attorneys' fees in default judgment context on similar facts).

### C.   Plaintiff's Costs Were Necessary and Reasonable

A prevailing party is entitled to costs under Rule 54 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54 (d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").  As detailed below, Plaintiff seeks filing fees, costs incurred in attempting to effect service though the Hague Convention, and costs incurred to investigate Defendant Chen Ran Cong's whereabouts.[4]

---

[3] The MLA survey is publicly available at https://www.acc.com/sites/default/files/2021-02/MLA%202020%20Partner%20CompensationSurvey.pdf.  Under Federal Rule of Evidence 201, a court may take judicial notice of a fact that is "not subject to reasonable dispute," either "because it is generally known within the court's territorial jurisdiction," or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Arroyo v. IA Lodging Santa Clara, LLC*, No. 20-CV-08219-LHK, 2021 WL 2826707, at *2 (N.D. Cal. July 7, 2021) ("Public records and documents on publicly available websites are proper subjects of judicial notice.")

[4] The costs Plaintiff's seek consist of the costs actually billed and paid by Plaintiff.  They do not include unbilled costs expended by Plaintiff's counsel during the course of this litigation.  These unbilled costs include, but are not limited to, Westlaw research costs and courier fees.

| Description | Amount |
|---|---|
| Filing Fee | $400.00 |
| Costs Incurred in Attempt to Effect Service Through Hague Convention, Including Translation of All Initial Court Filings and the FAC into Chinese | $8981.20 |
| Private Investigator Costs to Investigate Defendant Chen Ran Cong's Whereabouts | $6,596.56 |
| **Total:** | **$15,977.76** |

Mortimer Decl. ¶ 14. Each of these costs was necessary to prosecute this action and such costs have been awarded in cases involving similar claims and issues. *Quotient Tech. Inc. v. Begley*, No. 16-CV-05954 NC, 2017 WL 11575363, at *4 (N.D. Cal. July 18, 2017) (awarding reasonable costs under CFAA and Section 502, including, inter alia, costs incurred serving defendants after they failed to waive service); *Sluchevsky*, 2020 WL 5823277, at *11 (awarding reasonable costs under Section 502). Accordingly, Plaintiff should be awarded the full amount of costs requested.

### III. CONCLUSION

The hours expended were reasonable compared to the tasks completed during the litigation, and the fees billed and incurred were comparable to the typical rates charged by attorneys of similar skill, experience, and reputation in the community.

/ / /

/ / /

/ / /

Plaintiff should therefore be awarded the full amount of the fees sought totaling $295,221 as well as its costs totaling $15,977.76.

Dated:  January 7, 2022      **HUNTON ANDREWS KURTH LLP**

By:     /s/ Ann Marie Mortimer
        Ann Marie Mortimer
        Jason J. Kim
        Jeff R. R. Nelson
Attorneys for Plaintiff
Meta Platforms, Inc. (f/k/a Facebook, Inc.)

Platform Enforcement and Litigation
Meta Platforms, Inc. (f/k/a Facebook, Inc.)
        Jessica Romero
        Michael Chmelar
        Jimmy Doan