**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Plaintiff
Meta Platforms, Inc.
(f/k/a Facebook, Inc.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ILIKEAD MEDIA INTERNATIONAL COMPANY LTD., HUANG TAO, and CHEN RAN CONG,<br>    aka "Chen Xiao Cong,"<br>    aka "Han Xiao Cong,"<br>    aka "Ran Mao Ping,"<br><br>    Defendants. | CASE NO.: 3:19-CV-07971-SK<br><br>**ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MEMORANDUM FOR ATTORNEYS' FEES AND COSTS**<br><br>FAC Filed: June 5, 2020<br>Complaint Filed: December 5, 2019 |

3:19-cv-07971-SK

ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MEMORANDUM FOR ATTORNEYS' FEES AND COSTS

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Meta Platforms, Inc. (f/k/a Facebook, Inc.) respectfully submits this Administrative Motion to file under seal confidential information in support of Plaintiff's supplemental memorandum for attorney fees and costs. In particular, Plaintiff seeks: (1) to seal, by redaction, certain portions of the Supplemental Declaration of Ann Marie Mortimer in support of Plaintiff's supplemental memorandum for attorneys' fees and costs (the "Mortimer Declaration") that reference confidential Peer Monitor data; (2) to seal, by redaction, certain portions of the task entry narrative column of Exhibit A attached to the Mortimer Declaration, which disclose work product or privileged communications; and (3) to seal, in their entirety, the Peer Monitor reports attached to the Mortimer Declaration as Exhibits B and C.

This motion is made on the grounds that the portions of the Mortimer Declaration that reference the Peer Monitor reports and the Peer Monitor reports themselves contain data reflecting confidential, proprietary, and commercially sensitive information from Peer Monitor, a service from Thomson Reuters to which Hunton Andrews Kurth LLP ("Hunton") subscribes that reports data regarding law firms' financial information, and for which Hunton is contractually bound to maintain confidential. Additionally, this motion is made on the grounds that certain portions of the task entry narrative column of Exhibit A attached to the Mortimer Declaration contain attorney-client or attorney work product privileged information.

/ / /

/ / /

/ / /

1    3:19-cv-07971-SK

ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MEMORANDUM FOR ATTORNEYS' FEES AND COSTS

The information that is the subject of this motion has not been the subject of a previous request to file under seal.

Dated: January 25, 2022                    **HUNTON ANDREWS KURTH LLP**

                                           By:   */s/ Ann Marie Mortimer*
                                                 Ann Marie Mortimer
                                                 Jason J. Kim
                                                 Jeff R. R. Nelson
                                           Attorneys for Plaintiff
                                           Meta Platforms, Inc. (f/k/a Facebook, Inc.)

                                           Platform Enforcement and Litigation
                                           Meta Platforms, Inc. (f/k/a Facebook, Inc.)
                                                 Jessica Romero
                                                 Michael Chmelar
                                                 Jimmy Doan

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Meta Platforms, Inc. (f/k/a Facebook, Inc.) seeks to file under seal confidential information in support of Plaintiff's supplemental memorandum for attorney fees and costs. In particular, Plaintiff seeks: (1) to seal, by redaction, certain portions of the Supplemental Declaration of Ann Marie Mortimer in support of Plaintiff's supplemental memorandum for attorneys' fees and costs (the "Mortimer Declaration") that reference confidential Peer Monitor data; (2) to seal, by redaction, certain portions of the task entry narrative column of Exhibit A attached to the Mortimer Declaration, which disclose work product or privileged communications; and (3) to seal, in their entirety, the Peer Monitor reports attached to the Mortimer Declaration as Exhibits B and C. The foregoing materials are only tangentially related to the underlying cause of action, and, as shown below, good cause exists for the sealing relief requested.

## II. ARGUMENT

### A. Legal Standard

While the public's right to review judicial records is fundamental, the right to and scope of access are not absolute. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption in favor of public access "can be overcome by sufficiently important countervailing interests." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1102 (9th Cir. 1999). A district court, after balancing the importance of access against the sensitiveness of the material in the case, may seal judicial records. *Id.*

A party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006). There are two separate legal standards to determine whether a document is sealable. The "good cause" standard

1    3:19-cv-07971-SK

ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION IN SUPPORT OF
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM FOR ATTORNEYS' FEES AND COSTS

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

applies when the motion at issue is only tangentially related to the underlying cause of action, and the "compelling reasons" standard applies when the motion at issue is more closely related to the underlying cause of action.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (holding that "good cause" standard generally applies to non-dispositive motions because they "'are often unrelated, or only tangentially related, to the underlying cause of action'") (quoting *Kamakana*, 447 F.3d at 1179)).

The good cause standard applies here because, as courts have held, documents filed in support of a motion for attorneys' fees do not relate to the merits of the case. *See*, *e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (citing *Ctr. for Auto Safety* to apply the "good cause" standard to documents associated with attorneys' fees motion); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 7785855, at *1 (N.D. Cal. Oct. 3, 2016) (same).

### B. Plaintiff Seeks a Narrowly Tailored Seal Order to Protect Peer Monitor Information, Which Is Subject to an Agreement that Precludes the Dissemination of Data to Third Parties.

Good cause exists for Plaintiff's request to seal portions of the Mortimer Declaration and the Peer Monitor exhibits because, while relevant, the foregoing are only tangentially related to the litigation, and Hunton has expressly agreed to keep such information confidential.  District courts within the Ninth Circuit have routinely held that private confidentiality agreements constitute "good cause" justifying a motion to seal.  *See*, *e.g.*, *Cty. of Santa Clara v. Astra USA, Inc.*, 257 F.R.D. 207, 215 (N.D. Cal. 2009); *Skokomish Indian Tribe v. Goldmark*, 2013 WL 6086075, at *2 (W.D. Wash. Nov. 19, 2013); *Pike v. Hester*, 2013 WL 3491222, at *7 (D. Nev. July 9, 2013); *Boucher v. First Am. Title Ins. Co.*, 2011 WL 5299497, at *5 (W.D. Wash. Nov. 4, 2011).

Good cause also exists because the Peer Monitor data consists of confidential, proprietary, and commercially sensitive information belonging to a third party. *See*, *e.g.*, *Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the more stringent "compelling reasons" standard because failure to do so may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (sealing portions of declaration under the "compelling reasons" standard "in light of the confidential nature of the information and the competitive harm to third parties if the confidential information were disclosed.").

To submit the rate analysis information in support of its Supplemental Memorandum, Hunton was required to sign a Waiver Agreement with West Publishing Corporation ("West"), a Thomson Reuters business. The agreement requires Hunton to seek an order permitting the Peer Monitor data to be submitted under seal because West deems the information proprietary and commercially sensitive in nature. Plaintiff has narrowly tailored the aforementioned seal request to include only those portions reflecting West's confidential and proprietary data. Plaintiff, therefore, respectfully requests that the Court issue an order permitting it to file the above-referenced documents under seal.

C. **Plaintiff Seeks a Narrowly Tailored Seal Order to Protect Information Revealing Attorney-Client Communications or Attorney Work Product**

Plaintiff requests to seal, by redaction, certain portions of the task entry narrative column of Exhibit A to the Mortimer Declaration, which disclose work product or privileged communications. Courts in this Circuit have routinely concluded that material protected by the attorney-client privilege or work product privilege meet both the compelling reasons test and the less-stringent good cause test

for filing under seal.  *See*, *e.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 921 (E.D. Cal. 2016) (finding a compelling need to file attorney-client privileged information under seal); *In re Hewlett-Packard Co. Shareholder Derivative Litigation*, 2016 WL 8570883, at *6 (N.D. Cal. Nov. 18, 2015), *adopted* 2015 WL 8479543 (recommending that sealing motion be granted under compelling reasons standard based on concerns regarding attorney-client privilege and work product).  Indeed, "[u]nder Ninth Circuit authority, 'attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided.'" *Travelers Property Cas. Co. of America v. Centex Homes*, 2013 WL 707918, at *1 (N.D. Cal., Feb. 26, 2013) (sealing descriptions of work performed by attorneys).

Here, the detailed time entry descriptions that Plaintiff seeks to file under seal contain information protected by either (1) the attorney-client privilege, because it reveals the content of a communication with a client; or (2) the work product doctrine, because it reveals Plaintiff's counsel's mental impressions, conclusions, opinions, or legal theories.  Plaintiff's request is narrowly tailored, as Plaintiff does not seek to seal Exhibit A in its entirety, but rather seeks only to seal, by redaction, specific portions of Exhibit A that contain privileged information.  Accordingly, Plaintiff respectfully requests that the Court allow it to file the privileged portions of Exhibit A under seal.

/ / /

/ / /

/ / /

ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION IN SUPPORT OF
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM FOR ATTORNEYS' FEES AND COSTS

### III. CONCLUSION

For these reasons, the Court should permit Plaintiff to file under seal portions of the Mortimer Declaration, portions of Exhibit A, and Exhibits B and C in their entirety.

Dated: January 25, 2022

**HUNTON ANDREWS KURTH LLP**

By: ____*/s/ Ann Marie Mortimer*____
    Ann Marie Mortimer
    Jason J. Kim
    Jeff R. R. Nelson
Attorneys for Plaintiff
Meta Platforms, Inc. (f/k/a Facebook, Inc.)

Platform Enforcement and Litigation
Meta Platforms, Inc. (f/k/a Facebook, Inc.)
    Jessica Romero
    Michael Chmelar
    Jimmy Doan

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

073923.0000038 EMF_US 88450678v5

5

3:19-cv-07971-SK

ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL INFORMATION IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MEMORANDUM FOR ATTORNEYS' FEES AND COSTS