**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Plaintiff
Meta Platforms, Inc. (f/k/a Facebook, Inc.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>ILIKEAD MEDIA INTERNATIONAL COMPANY LTD., HUANG TAO, and CHEN RAN CONG,<br>    aka "Chen Xiao Cong,"<br>    aka "Han Xiao Cong,"<br>    aka "Ran Mao Ping,"<br><br>    Defendants. | CASE NO.: 3:19-CV-07971-SK<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>FAC Filed:   June 5, 2020<br>Complaint Filed:  December 5, 2019 |

On December 13, 2021, the Court ordered Plaintiff Meta Platforms, Inc. (f/k/a Facebook, Inc.) to submit its support for attorneys' fees and costs.  ECF No. 45.  On January 7, 2022, Plaintiff submitted its memorandum and an accompanying declaration of lead counsel Ann Marie Mortimer in support of its request for attorneys' fees and costs.  ECF No. 46.  On January 18, 2022, the Court issued an Order requesting additional support for attorneys' fees and costs, specifically with respect to the reasonableness of the hours expended, the reasonableness of Plaintiff's counsel's junior and senior associate rates, and seeking authority demonstrating that the costs Plaintiff's seek are recoverable under Federal Rule of Civil Procedure 54(b).  ECF No. 47.  In accordance with that Order, Plaintiff hereby submits this supplemental memorandum and the accompanying supplemental declaration of Ann Marie Mortimer in further support of its request for attorneys' fees and costs.

I.  **PLAINTIFF'S COUNSEL'S EXPENDITURE OF TIME IS REASONABLE**

As stated in Plaintiff's earlier-filed memorandum in support of its request for attorneys' fees and costs (the "Memorandum"), Plaintiff seeks fees for 430.6 hours of work.  In its January 18, 2022, Order, the Court requested further details regarding "how much time each attorney expended on each task, such as researching claims or drafting the motion for default judgment."  ECF No. 47.

As an initial matter, Plaintiff respectfully submits that the expenditure of time devoted to this matter is less than that which was deemed reasonable in a case involving similar facts, work, and issues.  *See*, *e.g.*, *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 2021 WL 5707741, at *8 (N.D. Cal. Oct. 21, 2021), *report and recommendation adopted*, 2021 WL 5707740 (N.D. Cal. Nov. 16, 2021) (finding 488.2 hours reasonable in default judgment context "[e]ven though the defendants were absent adversaries," where "a review of the docket shows that a considerable amount of work was required to attempt to serve them with process and to move for

default judgment"). Like *9 Xiu*, the hours expended by Plaintiff's counsel were reasonable and necessary to bring these claims, effectuate service, and to move for default judgment. As detailed in Plaintiff's memorandum, Plaintiff has limited its request for fees to: (1) the initial strategy and investigation; (2) the motion for alternative service; and (3) the pending motion for default judgment.

In further support of Plaintiff's request, Plaintiff provides further details on the tasks performed to drive this matter to resolution:

### A.   Initial Strategy and Investigation

Plaintiff's counsel spent approximately 76.9 hours on initial strategy and investigation. Mortimer Decl. ¶ 4. The initial strategy and investigation work consisted of, *inter alia*, researching jurisdictional issues, drafting the complaint and first amended complaint, researching and analyzing service requirements, managing multiple efforts to effectuate service via the Hague Convention, and analyzing investigator reports regarding Defendant Chen Ran Cong's whereabouts. *Id.* The aforementioned tasks were completed by Jason J. Kim (counsel) and Jeff R. R. Nelson (senior associate). *Id.* Mr. Kim spent 14 hours on initial strategy and investigation in 2019 and 6 hours in 2020. *Id.* Mr. Nelson spent 14.8 hours on initial strategy and investigation in 2019, 41.7 hours in 2020, and 0.4 hours in 2021. *Id.*

### B.   Motion for Alternative Service

After the initial strategy and investigation stage, which included drafting the initial pleadings, Plaintiff's counsel spent approximately 69.60 hours researching, drafting, and arguing its motion for alternative service. Mortimer Decl. ¶ 5. The aforementioned tasks were completed by Mr. Kim, Mr. Nelson, and Brandon Marvisi (associate). *Id.* Mr. Kim spent 3.2 hours on the motion for alternative service in 2020, and 4.2 hours in 2021. *Id.* Mr. Nelson spent 32.5 hours on the motion for alternative service in 2020 and 24.1 hours in 2021. *Id.* Mr. Marvisi spent 5.6 hours on the motion for alternative service in 2021. *Id.*

### C. Motions for Default Judgment and Fees

The bulk of attorney time was spent on the motion for default judgment and the memorandum in support of attorneys' fees, for which Plaintiff's counsel devoted 284.10 hours. Mortimer Decl. ¶ 6. Here, counsel's work consisted of, *inter alia*, drafting the default and default judgment motions, researching and analyzing caselaw in connection with the same, the preparation for and appearance at the hearing on the motion for default judgment, and the preparation of responses to questions presented in the Court's November 1, 2021, Order (ECF No. 39). *Id.* Plaintiff's counsel also devoted time to research and draft Plaintiff's memorandum in support of attorneys' fees, which fees are also recoverable. *Id.; see Cardoso v. FCA US LLC*, 2021 WL 1176532, at *5 (N.D. Cal. Mar. 29, 2021) ("Generally, fees related to the preparation and defense of a motion for attorneys' fees are recoverable.") (citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001)). The aforementioned tasks were completed by Ms. Mortimer, Mr. Kim, Mr. Nelson, Mr. Marvisi, and Navneet Binning (associate). Mortimer Decl. ¶ 6. In 2021, Ms. Mortimer spent 22.7 hours on the motion for default judgment and memorandum in support of attorney's fees, Mr. Kim spent 44.4 hours, Mr. Nelson spent 106.8 hours, Mr. Marvisi spent 86.7 hours, and Ms. Binning spent 23.5 hours. *Id.*

## II. PLAINTIFF'S COUNSEL'S HOURLY RATES WERE REASONABLE

In its January 18, 2022, Order, the Court requested further support to demonstrate that the rates for Plaintiff's counsel's junior and senior associates are the prevailing rates in this District. ECF No. 47. In further support of its junior and senior associate hourly rates, Plaintiff hereby submits excerpts from Thomson Reuter's Peer Monitor review of AmLaw 100 firms, which provides the average[1] standard hourly rate of litigation associates in the San Francisco area. Mortimer Decl.

---

[1] The average standard rate includes 51 peer AmLaw 100 firms in the San Francisco area. Mortimer Decl. ¶ 9.

¶¶ 8-9 & Exhs. B-C.  The foregoing has been used by district courts in this Circuit to support requests for fees.  *See, e.g.*, *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, at *12 (S.D. Cal. Aug. 9, 2019) ("Plaintiff's declarations of counsel and Peer Monitor report with recent reported rates are sufficient to meet its burden for the attorneys [billable rate].").  Because Plaintiff's counsel's junior and senior associate rates fall in line with the prevailing rates of its peer firms in this District, *see* Mortimer Decl. ¶ 10, Plaintiff's counsel's rates are reasonable.

### III.  THE COSTS PLAINTIFF'S SEEK ARE RECOVERABLE

The costs Plaintiff seeks are recoverable pursuant to Federal Rule of Civil Procedure 54.  As discussed in Plaintiff's Memorandum, Plaintiff seeks to recover the filing fee, costs incurred in Plaintiff's multiple attempts to effect service through the Hague Convention, including translation of the initial court filings and the FAC into Chinese, and private investigator costs to investigate Defendant Chen Ran Cong's whereabouts.  Plaintiff provides further support for those costs, including the pertinent invoices issued and paid in connection with those costs, as well as legal authorities permitting recovery of the same:

#### A.  Filing Fee

Pursuant to N.D. Cal. Local Rule 54-3(a)(1), filing fees are recoverable if paid by the claimant.  Here, Plaintiff expended $400 on filing fees.  Mortimer Decl. ¶ 11 & Ex. D.  Plaintiff's filing fees are therefore recoverable.  *See, e.g.*, *Facebook, Inc. v. Sluchevsky*, 2020 WL 5823277, at *11 (N.D. Cal. Aug. 28, 2020), *report and recommendation adopted*, 2020 WL 5816578 (N.D. Cal. Sept. 30, 2020); *Ingrid & Isabel, LLC v. Bentibo*, 2019 WL 2517524, at *9 (N.D. Cal. May 10, 2019), *report and recommendation adopted*, 2019 WL 2515713 (N.D. Cal. June 18, 2019); *Trustees of the IBEW/NECA Sound & Commc'ns Health & Welfare Tr. v. Netversant Sols. II LP*, 2015 WL 124633, at *3 (N.D. Cal. Jan. 8, 2015).

### B. Costs of Process Server

Pursuant to N.D. Cal. Local Rule 54-3(a)(2), service of process costs "are allowable to the extent reasonably required and actually incurred." Here, Plaintiff paid process servers $3,937.20 in connection with its multiple efforts to serve Defendants via the Hague Convention. Mortimer Decl. ¶ 11 & Ex E. Plaintiff's service of process costs were reasonably required and actually incurred, and are thus recoverable. *See*, *e.g., Sluchevsky*, 2020 WL 5823277, at *11; *Bentibo*, 2019 WL 2517524, at *9; *Quotient Tech. Inc. v. Begley*, 2017 WL 11575363, at *4 (N.D. Cal. July 18, 2017).

### C. Translation Costs

As stated above, N.D. Cal. Local Rule 54-3(a)(2) permits the recovery of service of process costs. Courts in this District and across the country have held that service of process costs include the cost of translating pleadings in accordance with the Hague Convention. *See*, *e.g.*, *Bentibo*, 2019 WL 2517524, at *9 ("Recoverable costs [under FRCP 54] include fees for service of process, including reasonable costs of translation and service under the Hague Convention."); *Sluchevsky*, 2020 WL 5823277, at *11; *9 Xiu*, 2021 WL 5707741, at *9[2]; *L. Off. G.A. Lambert & Assocs. v. Davidoff*, 72 F. Supp. 3d 110, 120 (D.D.C. 2014); *Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, 2015 WL 4237950, at *9 (D. Colo. June 8, 2015), *report and recommendation adopted*, 2015 WL 4162586 (D. Colo. July 9, 2015). Here, Plaintiff incurred $5,044 in translation costs that were not only reasonable but necessary to comply with service under the Hague Convention. Mortimer Decl. ¶ 11 & Ex. F; *see also* Hague Convention, Art. 5 ("[T]he Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed."); *9 Xiu*, 2021 WL 5707741, at *9 (effecting service in China

---

[2] While Plaintiff in *9 Xiu* recovered costs under 15 U.S.C. § 1117(a) rather than FRCP Rule 54, there is no distinguishable difference in the scope of the costs.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

under the Hague Convention "require[s] translating case documents") Accordingly, Plaintiff's translation costs are recoverable.

### D. Private Investigator Costs

Where, as here, the location of a defendant is unknown, courts likewise have permitted the recovery of private investigator costs incurred to locate a defendant to effectuate service. *See*, *e.g.*, *700 Valencia St. LLC v. Farina Focaccia & Cucina Italiana, LLC*, 2018 WL 783930, at *6 (N.D. Cal. Feb. 8, 2018) (plaintiff "is entitled to the cost of retaining a private investigator to locate [Defendant]"); *9 Xiu*, 2021 WL 5707741, at *9 (awarding private investigator costs under 15 U.S.C. § 1117(a)); *Stewart Title Guar. Co. v. 2485 Calle Del Oro, LLC*, 2018 WL 3752567, at *2 (S.D. Cal. Aug. 7, 2018) (FRCP 54 permits a plaintiff to recover "service of process fees, including private investigator costs necessary to effectuate service"); *GMAC Glob. Relocation Servs., LLC v. Herring*, 2008 WL 11513119, at *1 (D. Or. Feb. 19, 2008) (awarding private investigator costs under FRCP 54). Here, Plaintiff incurred $6,596.56 in private investigator costs over the course of this action in connection with its efforts to serve process. Mortimer Decl. ¶ 11 & Ex. G. While Plaintiff ultimately could not locate Defendant Chen Ran Cong, it nonetheless reasonably incurred private investigator costs as part of its good faith efforts to do so in accordance with the Hague Convention. Accordingly, Plaintiff's private investigator costs are recoverable.

### IV. CONCLUSION

In sum, Plaintiff respectfully submits that the hours expended were reasonable compared to the tasks completed during the litigation, and the fees billed and incurred were comparable to the typical rates charged by attorneys of similar skill, experience, and reputation in the community. Moreover, the costs incurred were reasonable, necessary, and recoverable under FRCP 54. Accordingly, Plaintiff requests that the

1  Court award the full amount of the fees sought totaling $295,221, as well as its costs
2  totaling $15,977.76.

4  Dated: January 25, 2022                    **HUNTON ANDREWS KURTH LLP**

6                                              By:      /s/ Ann Marie Mortimer
7                                                   Ann Marie Mortimer
                                                    Jason J. Kim
8                                                   Jeff R. R. Nelson
                                               Attorneys for Plaintiff
9                                              Meta Platforms, Inc. (f/k/a Facebook,
10                                             Inc.)

11                                             Platform Enforcement and Litigation
                                               Meta Platforms, Inc. (f/k/a Facebook,
12                                             Inc.)
13                                                  Jessica Romero
                                                    Michael Chmelar
14                                                  Jimmy Doan

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627